1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                    EASTERN DISTRICT OF CALIFORNIA

8

9   ED BODLEY,                    )    1:07-cv-0251 OWW DLB
                                   )
10              Plaintiff,         )    SCHEDULING CONFERENCE ORDER
                                   )
11      v.                         )    Discovery Cut-Off: 3/14/08
                                   )
12  COUNTY OF TULARE, CALIFORNIA,  )    Non-Dispositive Motion
    BILL WITTMAN, SHERIFF, COUNTY OF )  Filing Deadline: 3/31/08
13  TULARE, and D. LINARES, an     )
    individual,                    )    Dispositive Motion Filing
14                                 )    Deadline: 4/14/08
                Defendants.        )
15                                 )    Settlement Conference Date:
    _____ )    4/10/08 10:00 Ctrm. 9
16
                                        Pre-Trial Conference
17                                      Date: 6/30/08 11:00 Ctrm. 3

18                                      Trial Date: 8/5/08 9:00
                                        Ctrm. 3 (JT-4 days)
19

20

21  I.    Date of Scheduling Conference.

22        September 14, 2007.

23  II.   Appearances Of Counsel.

24        Law Office of William A. Romaine by William A. Romaine,

25  Esq., appeared on behalf of Plaintiff.

26        Kathleen Bales-Lange, Esq., appeared on behalf of

27  Defendants.

28  ///

                                   1

III.   Summary of Pleadings.

     1.   This is a complaint under 42 U.S.C. § 1983 for alleged violations of Plaintiff's civil rights by Deputy Sheriff D. Linares for allegedly seizing the person of Plaintiff without a warrant or sufficient cause to believe that Plaintiff had committed a crime and thereby depriving Plaintiff of his right to be free in his person from seizure without warrant issued on probable cause, which resulted in Plaintiff suffering emotional and physical distress.  Plaintiff prays for monetary general and punitive damages.

IV.   Orders Re Amendments To Pleadings.

     1.   No party contemplates amendments to the pleadings.

V.   Factual Summary.

     A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

          1.   Defendant Linares was an on-duty Tulare County Deputy Sheriff at all times mentioned in the Complaint.

          2.   On April 8, 2006, Plaintiff telephoned 911 requesting assistance.  During that call, he repeatedly stated that his father was dead and that he needed Deputies to take his father away to learn to take care of the property.  He also claimed to own the government, that he was king, and that the government was bankrupt.

          3.   Within minutes of the Plaintiffs 911 call, Plaintiff's father, Thomas Bodley, telephoned 911 requesting assistance.  He told the dispatcher that his son was threatening to kill him with a shotgun, and that his son was at the same location.  He reported that his son was bipolar, had not taken

2

his medications for a week, had been awake for three days and three nights.  He also told the dispatcher that he had taken his son to mental health the day before, but that his son was continuing to refuse to take his medication.  He reported that his son was a professional gambler who had been on medications for 18-20 years.

4.    When questioned about whether there were guns in the house, Plaintiff's father stated "No.  I got some in this closet but he doesn't know how to use them."

5.    When asked "Does your son have access to a shotgun?" Plaintiff's father responded that there were guns in the residence in the room where the caller was located.  He further responded "I don't think so," and that "We don't know where the shells are."

6.    Upon arrival at the residence, Plaintiff stated to Deputy Linares "I want you to take my dad to jail and just beat the living shit out of him 'til he's dead.  He is a no good son of a bitch and doesn't pick cotton for ninety cents a fucking hour.  I'm gonna kill him with a shot gun as soon as you guys leave, cause I'm king of this country and you guys are broke."

7.    Velma Bodley reported to Deputy Linares that prior to his arrival, Plaintiff yelled at his father, saying: "I'm going to fucking kill you, just wait I'm gonna shoot you with a shot gun.  That will teach you, and you will burn in hell forever."

8.    Deputy Linares arrested Plaintiff without a warrant for making terrorist threats.

9.    While being taken to the Porterville substation

1  for booking, Plaintiff repeatedly stated "I should have just

2  gotten the shot gun out of the closet and shot him without any

3  warning."

4          10.  Plaintiff was charged with a felony, specifically

5  violation of Penal Code § 422, which provides:

6              Any person who willfully threatens to commit a crime
               which will result in death or great bodily injury to
7              another person, with the specific intent that the
               statement, made verbally, in writing, or by means of an
8              electronic communications device, is to be taken as a
               threat, even if there is no intent of actually carrying
9              it out, which, on its face and under the circumstances
               in which it is made, is so unequivocal, unconditional,
10             immediate, and specific as to convey to the person
               threatened, a gravity of purpose and an immediate
11             prospect of execution of the threat, and thereby causes
               that person reasonably to be in sustained fear for his
12             or her own safety or for his or her immediate family's
               safety, shall be punished by imprisonment in the county
13             jail not to exceed one year, or by imprisonment in the
               state prison.
14

15         11.  On April 11, 2006, the Tulare County Superior

16  Court ordered that Plaintiff be held with bail set at $50,000.

17         12.  On April 14, 2006, the Tulare County Superior

18  Court ordered that Plaintiff be held with bail set at $25,000.

19         13.  On April 21, 2006, upon motion of the District

20  Attorney, the charge was amended under Penal Code § 17b to be a

21  misdemeanor, and Plaintiff was convicted upon a plea of nolo

22  contendre.

23         14.  Plaintiff's conviction has not been vacated or

24  appealed or otherwise determined to be invalid.

25      B.   Contested Facts.

26         1.  Defendants contend, and Plaintiff denies, that the

27  principles set out in *Heck v. Humphrey* (1994) 512 U.S. 477

28  barring a civil cause of action where resolution in Plaintiff's

                                    4

favor would imply the invalidity of a criminal conviction apply
to a conviction upon a plea of nolo contendre in California.

2.    Defendants contend, and Plaintiff denies, that a
finding in Plaintiff's favor on his cause of action alleging a
lack of probable cause to arrest would imply that his criminal
conviction in the underlying action is invalid in violation of
the principles set out in *Heck v. Humphrey* (1994) 512 U.S. 477.

3.    Defendants contend, and Plaintiff denies, that the
Plaintiff's complaint does not state facts sufficient to state a
cause of action, and that they are entitled to judgment.

4.    Defendants contend, and Plaintiff denies, that
Defendant Linares is protected by qualified immunity for his
actions related to the arrest and detention of Plaintiff.

5.    Defendants contend, and Plaintiff denies, that
they are protected by unqualified immunity as to the arrest and
detention of Plaintiff.

6.    Defendants contend, and Plaintiff denies, that
Plaintiff is barred by the principles of collateral estoppel and
res judicata from bringing this action in regards to his arrest
and detention.

7.    Defendants contend, and Plaintiff denies, that
clearly established law bars Plaintiff's action in its entirety,
entitling Defendants to attorney's fees under 42 U.S.C. § 1988.

VI.   Legal Issues.

A.    Uncontested.

1.    Jurisdiction exists under 28 U.S.C. § 1331.

2.    Venue is proper under 28 U.S.C. § 1391.

3.    The substantive law of the United States and

procedural law governs this action.

        B.    Contested.

            1.    All remaining legal issues are contested.

VII. Consent to Magistrate Judge Jurisdiction.

        1.    The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.        Corporate Identification Statement.

        1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.  Discovery Plan and Cut-Off Date.

        1.    The parties shall make their initial disclosures pursuant to Rule 26(f) on or before November 1, 2007.

        2.    The parties are ordered to complete all discovery on or before March 14, 2008.

        3.    The parties are directed to disclose all expert witnesses, in writing, on or before January 14, 2008.  Any supplemental expert disclosures will be made on or before February 14, 2008.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in

compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

4.    The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

X.    Pre-Trial Motion Schedule.

1.    All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before March 31, 2008, and heard on May 2, 2008, at 9:00 a.m. before Magistrate Judge Dennis L. Beck in Courtroom 9.

2.    In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

3.    All Dispositive Pre-Trial Motions are to be filed no later than April 14, 2008, and will be heard on May 19, 2008, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor.  In scheduling such motions, counsel shall comply with Local Rule 230.

XI.    Pre-Trial Conference Date.

1.    June 30, 2008, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

2.    The parties are ordered to file a Joint Pre-

1  Trial Statement pursuant to Local Rule 281(a)(2).

2      3.   Counsel's attention is directed to Rules 281

3  and 282 of the Local Rules of Practice for the Eastern District

4  of California, as to the obligations of counsel in preparing for

5  the pre-trial conference.  The Court will insist upon strict

6  compliance with those rules.

7  XII. Trial Date.

8      1.   August 5, 2008, at the hour of 9:00 a.m. in Courtroom

9  3, 7th Floor, before the Honorable Oliver W. Wanger, United

10 States District Judge.

11     2.   This is a jury trial.

12     3.   Counsels' Estimate Of Trial Time:

13         a.   4 days.

14     4.   Counsels' attention is directed to Local Rules

15 of Practice for the Eastern District of California, Rule 285.

16 XIII.     Settlement Conference.

17     1.   A Settlement Conference is scheduled for April 10,

18 2008, at 10:00 a.m. in Courtroom 9 before the Honorable Dennis L.

19 Beck, United States Magistrate Judge.

20     2.   Unless otherwise permitted in advance by the

21 Court, the attorneys who will try the case shall appear at the

22 Settlement Conference with the parties and the person or persons

23 having full authority to negotiate and settle the case on any

24 terms at the conference.

25     3.   Permission for a party [not attorney] to attend

26 by telephone may be granted upon request, by letter, with a copy

27 to the other parties, if the party [not attorney] lives and works

28 outside the Eastern District of California, and attendance in

**8**

1  person would constitute a hardship.  If telephone attendance is

2  allowed, the party must be immediately available throughout the

3  conference until excused regardless of time zone differences.

4  Any other special arrangements desired in cases where settlement

5  authority rests with a governing body, shall also be proposed in

6  advance by letter copied to all other parties.

7       4.   Confidential Settlement Conference Statement.

8  At least five (5) days prior to the Settlement Conference the

9  parties shall submit, directly to the Magistrate Judge's

10  chambers, a confidential settlement conference statement.  The

11  statement should not be filed with the Clerk of the Court nor

12  served on any other party.  Each statement shall be clearly

13  marked "confidential" with the date and time of the Settlement

14  Conference indicated prominently thereon.  Counsel are urged to

15  request the return of their statements if settlement is not

16  achieved and if such a request is not made the Court will dispose

17  of the statement.

18       5.   The Confidential Settlement Conference

19  Statement shall include the following:

20            a.   A brief statement of the facts of the

21  case.

22            b.   A brief statement of the claims and

23  defenses, i.e., statutory or other grounds upon which the claims

24  are founded; a forthright evaluation of the parties' likelihood

25  of prevailing on the claims and defenses; and a description of

26  the major issues in dispute.

27            c.   A summary of the proceedings to date.

28            d.   An estimate of the cost and time to be

9

1   expended for further discovery, pre-trial and trial.

2           e.   The relief sought.

3           f.   The parties' position on settlement,

4   including present demands and offers and a history of past

5   settlement discussions, offers and demands.

6   XIV. Request For Bifurcation, Appointment Of Special Master,

7   Or Other Techniques To Shorten Trial.

8      1.   None.

9   XV.  Related Matters Pending.

10     1.   There are no related matters.

11   XVI. Compliance With Federal Procedure.

12     1.   The Court requires compliance with the Federal

13   Rules of Civil Procedure and the Local Rules of Practice for the

14   Eastern District of California.  To aid the court in the

15   efficient administration of this case, all counsel are directed

16   to familiarize themselves with the Federal Rules of Civil

17   Procedure and the Local Rules of Practice of the Eastern District

18   of California, and keep abreast of any amendments thereto.

19   XVII.    Effect Of This Order.

20     1.   The foregoing order represents the best

21   estimate of the court and counsel as to the agenda most suitable

22   to bring this case to resolution.  The trial date reserved is

23   specifically reserved for this case.  If the parties determine at

24   any time that the schedule outlined in this order cannot be met,

25   counsel are ordered to notify the court immediately of that fact

26   so that adjustments may be made, either by stipulation or by

27   subsequent scheduling conference.

28     2.   Stipulations extending the deadlines contained

1   herein will not be considered unless they are accompanied by

2   affidavits or declarations, and where appropriate attached

3   exhibits, which establish good cause for granting the relief

4   requested.

5       3.   Failure to comply with this order may result in

6   the imposition of sanctions.

7

8   IT IS SO ORDERED.

9   Dated:   **September 15, 2007**         **/s/ Oliver W. Wanger**
                                  UNITED STATES DISTRICT JUDGE