IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ED BODLEY, ) | No. CV-F-07-251 OWW/DLB |
| ) | |
| ) | MEMORANDUM DECISION GRANTING |
| ) | DEFENDANTS' MOTION FOR |
| Plaintiff, ) | SUMMARY JUDGMENT (Doc. 19) |
| ) | AND VACATING ORAL ARGUMENT |
| vs. ) | SET FOR APRIL 7, 2008 |
| ) | |
| ) | |
| COUNTY OF TULARE, et al., ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

On February 4, 2007, Plaintiff Ed Bodley filed a Complaint for Damages pursuant to 42 U.S.C. § 1983. Defendants are the County of Tulare, Tulare County Sheriff Bill Whitman, and Tulare County Sheriff's Deputy D. Linares. The Complaint alleges that, on April 8, 2006, in the City of Porterville, Defendant Linares "arrested and seized the person of plaintiff without a warrant and/or without legally sufficient cause and/or without probable cause to believe that plaintiff had committed a crime or had engaged in criminal activity of any kind."

Defendants move for summary judgment on the grounds that

Plaintiff's action is barred by *Heck v. Humphrey*, there was probable cause for Plaintiff's arrest, and Defendant Linares is entitled to qualified immunity from liability.

This action is barred by *Heck v. Humphrey*.

A. <u>GOVERNING STANDARDS</u>.

Summary judgment is proper when it is shown that there exists "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. A fact is "material" if it is relevant to an element of a claim or a defense, the existence of which may affect the outcome of the suit. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987). Materiality is determined by the substantive law governing a claim or a defense. *Id*. The evidence and all inferences drawn from it must be construed in the light most favorable to the nonmoving party. *Id*.

The initial burden in a motion for summary judgment is on the moving party. The moving party satisfies this initial burden by identifying the parts of the materials on file it believes demonstrate an "absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party to defeat summary judgment. *T.W. Elec.*, 809 F.2d at 630. The nonmoving party "may not rely on the mere allegations in the pleadings in order to preclude summary judgment," but must set forth by affidavit or other appropriate evidence "specific facts showing

there is a genuine issue for trial." *Id*. The nonmoving party may not simply state that it will discredit the moving party's evidence at trial; it must produce at least some "significant probative evidence tending to support the complaint." *Id*. The question to be resolved is not whether the "evidence unmistakably favors one side or the other, but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *United States ex rel. Anderson v. N. Telecom, Inc.*, 52 F.3d 810, 815 (9th Cir.1995). This requires more than the "mere existence of a scintilla of evidence in support of the plaintiff's position"; there must be "evidence on which the jury could reasonably find for the plaintiff." *Id*. The more implausible the claim or defense asserted by the nonmoving party, the more persuasive its evidence must be to avoid summary judgment." *Id*. As explained in *Nissan Fire & Marine Ins. Co. v. Fritz Companies*, 210 F.3d 1099, 1102-1103 (9th Cir.2000):

> The vocabulary used for discussing summary judgments is somewhat abstract. Because either a plaintiff or a defendant can move for summary judgment, we customarily refer to the moving and nonmoving party rather than to plaintiff and defendant. Further, because either plaintiff or defendant can have the ultimate burden of persuasion at trial, we refer to the party with and without the ultimate burden of persuasion at trial rather than to plaintiff and defendant. Finally, we distinguish among the initial burden of production and two kinds of ultimate burdens of persuasion: The initial burden of production refers to the burden of producing evidence, or showing the absence of evidence, on the motion for summary judgment; the ultimate burden of persuasion can refer either to the burden of persuasion on the

3

> motion or to the burden of persuasion at trial.
>
> A moving party without the ultimate burden of persuasion at trial - usually, but not always, a defendant - has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment ... In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial ... In order to carry its ultimate burden of persuasion on the motion, the moving party must persuade the court that there is no genuine issue of material fact ....
>
> If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial ... In such a case, the nonmoving party may defeat the motion for summary judgment without producing anything ... If, however, a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense ... If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment ... But if the nonmoving party produces enough evidence to create a genuine issue of material fact, the nonmoving party defeats the motion.

**B. DEFENDANTS' STATEMENT OF UNDISPUTED FACTS/PLAINTIFF'S RESPONSE.**

1. On April 8, 2006, before the arrest referenced in the Complaint, plaintiff stated to Deputy Linares "I want to you take my dad to jail and just beat the living shit out of him 'til he's dead. He is a no good son of a bitch and doesn't pick cotton for

ninety cents a fucking hour. I'm gonna kill him with a shot gun as soon as you guys leave, cause I'm king of this country and you guys are broke." Exhibit A. - Admitted Fact (Scheduling Conference Order, pages 3:15-20).

2. On April 8, 2006, before the arrest referenced in the Complaint, Plaintiff's mother told Deputy Linares that prior to his arrival, Plaintiff yelled at his father, saying: "I'm going to fucking kill you, just wait I'm gonna shoot you with a shot gun. That will teach you, and you will burn in hell forever." Exhibit A. - Admitted Fact (Scheduling Conference Order, pages 3:21-25).

3. On April 8, 2006, before the arrest referenced in the Complaint, Deputy Linares was aware that plaintiff was bipolar, had stopped taking his medications for a week, and had been awake for three days and three nights. Exhibit B (Declaration of Linares, page 2).

4. On April 8, 2006, before the arrest referenced in the Complaint, Deputy Linares had been told that there was at least one gun in the house. Exhibit B., (Declaration of Linares, page 2).

5. On April 8, 2006, Deputy Linares took plaintiff into custody without a warrant. Exhibit B., (Declaration of Linares, page 2).

6. Plaintiff was charged with a violation of Penal Code section 422, specifically:

    On or about the 8th day of April, 2006, in

```
              the above named Judicial District, the crime
              of CRIMINAL THREATS in violation of Penal
              Code Section PC422, a FELONY, was committed
              by EDWARD ROBERT BODLEY, who did willfully
              and unlawfully threaten to commit a crime
              which would result in death and great bodily
              injury to THOMAS BODLEY, with the specific
              intent that the statement be taken as a
              threat.
              It is further alleged that the threatened
              crime, on its face and under the
              circumstances in which it was made, was so
              unequivocal, unconditional, immediate and
              specific as to convey to THOMAS BODLEY a
              gravity of purpose and an immediate prospect
              of execution.
              It is further alleged that the said THOMAS
              BODLEY was reasonably in sustained fear of
              his/her safety and the safety of his/her
              immediate family.
```

Exhibit C., the criminal complaint.

7. On April 21, upon motion of the District Attorney, the charge was amended under Penal Code section 17b to be a misdemeanor, and Plaintiff was convicted upon a plea of *nolo contendre*. Exhibit A. - Admitted Fact (Scheduling Conference Order, pages 2-3).

8. Plaintiff's conviction has not been vacated or appealed or otherwise determined to be invalid.  Exhibit A. - Admitted Fact (Scheduling Conference Order, pages 2-3).

Plaintiff, who is represented by William Romaine, adopts the "Admitted Facts Which Are Deemed Proven Without Further Proceedings" set forth in the Scheduling Conference Order. Plaintiff "also adopts, so far as they go, the defendants' Separate Statement of Undisputed Material Facts for the purpose of opposing this motion only.  In his Declaration in opposition

to this motion, Mr. Romaine avers:

> 3. As of the date of this declaration [December 24, 2007], the only formal discovery that has been carried out by the parties is the initial disclosures under Rule 26(f) of the Code of Civil Procedures [sic]. Both sides provided their disclosures informally by letter addressed to the other. No admissions have been requested or made other than those set forth in the Scheduling Conference Order ....
>
> 4. No depositions of any party have been taken and no written discovery has been propounded by or on behalf of plaintiff ....
>
> 5. Before the discovery cut off date [of] March 14, 2008, plaintiff intends to take the deposition of Thomas Bodley, Daniel Linares, and, upon discovery of the identity of that person, the 911 dispatcher who directed Daniel Linares to attend the residence of Thomas Bodley and who received the communication from Thomas Bodley on April 8, 2006.
>
> 6. Based on my interviews with Thomas Bodley, I am informed and believe that these depositions will reveal that Thomas Bodley at no time indicated that he had any fear that Edward Bodley would actually carry out his threat to shoot Thomas Bodley with a shot gun and that at no time did Thomas Bodley harbor or disclose a belief that Edward Bodley had the means or the ability to carry out such a threat. I am further informed and believe, on the same basis, that the depositions will disclose that at no time did Daniel Linares possess reason to believe that Edward Bodley had made threats to Thomas Bodley of a nature that would and did create in Thomas Bodley a fear that Edward Bodley had the means or ability to carry out his threat to shoot Thomas Bodley with a shot gun.
>
> 7. Affidavits to oppose defendant's [sic] motion for summary judgment on the basis of the knowledge possessed by Daniel Linares at the relevant times are not available to Ed Bodley at this time because the depositions

identified above have not yet been conducted.

Defendants' motion for summary judgment was filed on November 20, 2007 and was noticed for hearing on December 31, 2007. By minute orders, the hearing on the motion was continued to January 7, 2008 and then to April 7, 2008. There is no indication on the docket that Plaintiff has conducted any of the described discovery prior to the March 14, 2008 discovery cut-off date.

C. **RULE 56(f), FEDERAL RULES OF CIVIL PROCEDURE**.

Rule 56(f), Federal Rules of Civil Procedure, provides in pertinent part:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

As explained in *Harris v. Duty Free Shoppers Limited Partnership*, 940 F.2d 1272, 1276 (9th Cir. 1991):

> Ordinarily, summary judgment should not be granted when there are relevant facts remaining to be discovered, but the party seeking discovery bears the burden of showing what specific facts it hopes to discover that will raise an issue of material fact.

Because this action is barred by *Heck v. Humphrey*, discussed *infra,* Plaintiff's request for a continuance of the motion for summary judgment pursuant to Rule 56(f) is moot.

D. *HECK v. HUMPHREY*.

A convicted plaintiff cannot bring a section 1983 claim arising out of alleged unconstitutional activities that resulted in his criminal conviction unless the conviction is set aside.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Without such a showing of a "favorable termination," the person's cause of action under § 1983 has not yet accrued.  *Id*. at 489.  Thus if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, the complaint must be dismissed.  *Id*. at 487.

Plaintiff argues that *Heck v. Humphrey* does not apply to bar this action:

> Bodley does not seek, by this action, to collaterally attack his conviction.  His challenge is to his arrest, not to what happened in the prosecution itself.  Indeed, it is undisputed that he pled no contest to the charge of violating Penal Code section 422 as a misdemeanor.  As a result, he supplied the element of probable cause by his plea.  That does not supply the probable cause requisite for the arrest - only for the conviction.  The conviction was not based

9

upon the arrest in any way.

The Ninth Circuit has found that "[t]here is no question" that the "favorable termination" rule bars a convicted plaintiff's claim that defendants falsely arrested him and brought unfounded charges. *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996)("There is no question that *Heck* bars Smithart's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him"). Wrongful arrest and bringing false charges could not have occurred unless the plaintiff was innocent of the crime for which he was convicted. *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006).

This Ninth Circuit law puts paid to Plaintiff's contention that *Heck v. Humphrey* does not apply to bar this action. Defendants' motion for summary judgment is GRANTED.[1]

### CONCLUSION

For the reasons stated above:

1. Defendants' motion for summary judgment is GRANTED;

2. Counsel for Defendants shall prepare and lodge a form of order setting consistent with this Memorandum Decision within five (5) days following the date of service of this decision;

3. Oral argument set for Monday, April 7, 2008 is VACATED.

IT IS SO ORDERED.

**Dated:   April 2, 2008**          /s/ Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE

---

[1]This conclusion makes unnecessary any discussion of Defendants' alternative grounds for summary judgment.